

RECEIVED

FEB 25 2020

AT 8:30_____M
WILLIAM T. WALSH
CLERK

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*
*Criminal Division*

---

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*

*973-645-2700*

jlh / pl agr
2013R001330

December 3, 2019

Eric M. Creizman, Esq
Pierce Bainbridge Beck Price & Hecht LLP
277 Park Avenue, Fl. 45
New York, New York 10172
ecreizman@piercebainbridge.com

Re: <u>Plea Agreement with Igor Fleyshmakher</u>
Criminal No. 20-193 (MAS)

Dear Mr. Creizman:

This letter sets forth the plea agreement between your client, Igor Fleyshmakher, and the United States Attorney for the District of New Jersey ("this Office"). This plea agreement is contingent upon the approval of the Department of Justice, Tax Division. The government's offer to enter into this plea agreement will expire on December 17, 2019, if it is not accepted in writing by that date.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Igor Fleyshmakher to a two-count Information charging him with: 1) in Count One, knowingly and willfully conspiring to offer and pay illegal remuneration, namely kickbacks and bribes, in violation of the federal Anti-Kickback Statute, namely offering and paying bribes in return for steering prescriptions to the Prime Aid Pharmacies, located in Union City, New Jersey and Bronx, New York (the "Prime Aid Pharmacies"), for which payment was made in whole or in part under a Federal health care program, namely, Medicare and Medicaid, contrary to Title 42, United States Code, Section 1320a-7b(b)(2), in violation of 18 U.S.C. § 371; and 2) in Count Two, tax

evasion in connection with his individual income tax returns for the calendar year 2014, in violation of 26 U.S.C. § 7201. If Igor Fleyshmakher enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Igor Fleyshmakher in connection with: 1) during the time period of in or about January 2008 through in or about August 2017, participating in a conspiracy to offer and pay kickbacks to steer prescriptions to the Prime Aid Pharmacies; and 2) during the same time period, a conspiracy to commit health care fraud in connection with the Prime Aid Pharmacies by billing for prescription medications that were not provided to patients; and 3) for calendar years 2010 through 2017, his evasion of income taxes or the filing of materially false personal income tax returns or corporate income tax returns associated with the Prime Aid Pharmacies, provided that at the time Igor Fleyshmakher enters his guilty plea, he admits under oath to the following relevant conduct, which will be taken into account by the Court at the time of Igor Fleyshmakher's sentencing pursuant to U.S.S.G. § 1B1.2(c): knowingly and willfully making and subscribing returns, statements, or other documents, which contained and were verified by a written declaration that was made under the penalty of perjury, and which he did not believe to be true and correct as to every material matter, for the income tax returns for tax years 2012, 2013, and 2014, which conduct resulted in a total tax loss of $5,819,237.00. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Igor Fleyshmakher agrees that any dismissed charges or any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Igor Fleyshmakher may be commenced against him, notwithstanding the expiration of the limitations period after Igor Fleyshmakher signs the agreement.

Sentencing

The violations of 18 U.S.C. § 371 and 26 U.S.C. § 7201 to which Igor Fleyshmakher agrees to plead guilty in Counts One and Two of the Information each carry a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest. The sentence on each count may run consecutively.

The sentence to be imposed upon Igor Fleyshmakher is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration

of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Igor Fleyshmakher ultimately will receive.

Further, in addition to imposing any other penalty on Igor Fleyshmakher, the sentencing judge: (1) will order Igor Fleyshmakher to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessments must be paid by the date of sentencing; (2) may order Igor Fleyshmakher to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7); (4) pursuant to 18 U.S.C. § 3583, may require Igor Fleyshmakher to serve a term of supervised release of not more than three years on each of Counts One and Two, which terms of supervised release will begin at the expiration of any term of imprisonment imposed. Should Igor Fleyshmakher be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Igor Fleyshmakher may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

In addition to the foregoing, and pursuant to 18 U.S.C. § 3663(a)(3), Igor Fleyshmakher agrees to pay restitution in the amount of $5,819,237.00 to the Internal Revenue Service ("IRS"). Igor Fleyshmakher understands and agrees that this figure does not include interest under 26 U.S.C. § 6601, which will be assessed by the IRS pursuant to Title 26. Igor Fleyshmakher agrees that the total amount of restitution reflected in this agreement results from his fraudulent conduct. The restitution amount is based upon the total amount of loss for calendar years 2012, 2013, and 2014, and shall be paid according to a payment plan established by the Court. If the Court orders Igor Fleyshmakher to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. See 26 U.S.C. § 6201(a)(4). Igor Fleyshmakher does not have the right to challenge the amount of this assessment. See 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Igor Fleyshmakher's timely payment of restitution, according to that schedule, will preclude the IRS from

administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 982(c)(7), Igor Fleyshmakher agrees to forfeit to the United States all of his right, title, and interest in all property the defendant obtained that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the violation of 18 U.S.C. § 371 charged in Count One of the Information, which is a Federal health care offense within the meaning of 18 U.S.C. § 982(a)(7).

Igor Fleyshmakher waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Igor Fleyshmakher further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Igor Fleyshmakher fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Igor Fleyshmakher has intentionally failed to disclose assets on his Financial Disclosure Statement, Igor Fleyshmakher agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Igor Fleyshmakher by the sentencing judge, to correct any

misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Igor Fleyshmakher's activities and relevant conduct with respect to this case.

Stipulations

This Office and Igor Fleyshmakher agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Igor Fleyshmakher from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Igor Fleyshmakher waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

Igor Fleyshmakher understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his

naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Federal Tax Forms 870 Waiver

Prior to the date of sentencing, Igor Fleyshmakher shall: (1) sign and file with the IRS a Form 870 Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment in lieu of filing returns or amended returns, for calendar years 2010, 2011, 2012, 2013, 2014, 2015, 2016, and 2017; (2) provide all appropriate documentation to the IRS in support of such Form 870 Waiver, upon request; (3) pay to the IRS all taxes and any penalties owed on those returns, or if unable to do so, make satisfactory repayment arrangements with the IRS; and (4) fully cooperate with the IRS and comply with the tax laws of the United States. Further, Igor Fleyshmakher agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the IRS to enable them to investigate, if applicable, any and all civil penalties that may be due and owing by Igor Fleyshmakher. With respect to disclosure of the criminal file to the IRS, Igor Fleyshmakher waives any rights under 26 U.S.C. § 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Igor Fleyshmakher's tax returns and return information.

Furthermore, Igor Fleyshmakher agrees not to file any claims for refund of taxes, penalties, and interest for calendar years 2010 through 2017 or for any other amounts paid in accordance with this agreement. Igor Fleyshmakher agrees that the provisions set forth in this agreement concerning his tax obligations, including those obligations set forth under the caption "Other Provisions" of this agreement are appropriate conditions of Probation or Supervised Release.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities.

naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Federal Tax Forms 870 Waiver

Prior to the date of sentencing, Igor Fleyshmakher shall: (1) sign and file with the IRS a Form 870 Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment in lieu of filing returns or amended returns, for calendar years 2010, 2011, 2012, 2013, 2014, 2015, 2016, and 2017; (2) provide all appropriate documentation to the IRS in support of such Form 870 Waiver, upon request; (3) pay to the IRS all taxes and any penalties owed on those returns, or if unable to do so, make satisfactory repayment arrangements with the IRS; and (4) fully cooperate with the IRS and comply with the tax laws of the United States. Further, Igor Fleyshmakher agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the IRS to enable them to investigate, if applicable, any and all civil penalties that may be due and owing by Igor Fleyshmakher. With respect to disclosure of the criminal file to the IRS, Igor Fleyshmakher waives any rights under 26 U.S.C. § 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Igor Fleyshmakher's tax returns and return information.

Furthermore, Igor Fleyshmakher agrees not to file any claims for refund of taxes, penalties, and interest for calendar years 2010 through 2017 or for any other amounts paid in accordance with this agreement. Igor Fleyshmakher agrees that the provisions set forth in this agreement concerning his tax obligations, including those obligations set forth under the caption "Other Provisions" of this agreement are appropriate conditions of Probation or Supervised Release.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities.

naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Federal Tax Forms 870 Waiver

Prior to the date of sentencing, Igor Fleyshmakher shall: (1) sign and file with the IRS a Form 870 Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment in lieu of filing returns or amended returns, for calendar years 2010, 2011, 2012, 2013, 2014, 2015, 2016, and 2017; (2) provide all appropriate documentation to the IRS in support of such Form 870 Waiver, upon request; (3) pay to the IRS all taxes and any penalties owed on those returns, or if unable to do so, make satisfactory repayment arrangements with the IRS; and (4) fully cooperate with the IRS and comply with the tax laws of the United States. Further, Igor Fleyshmakher agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the IRS to enable them to investigate, if applicable, any and all civil penalties that may be due and owing by Igor Fleyshmakher. With respect to disclosure of the criminal file to the IRS, Igor Fleyshmakher waives any rights under 26 U.S.C. § 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Igor Fleyshmakher's tax returns and return information.

Furthermore, Igor Fleyshmakher agrees not to file any claims for refund of taxes, penalties, and interest for calendar years 2010 through 2017 or for any other amounts paid in accordance with this agreement. Igor Fleyshmakher agrees that the provisions set forth in this agreement concerning his tax obligations, including those obligations set forth under the caption "Other Provisions" of this agreement are appropriate conditions of Probation or Supervised Release.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities.

However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Igor Fleyshmakher. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Igor Fleyshmakher.

No provision of this agreement shall preclude Igor Fleyshmakher from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Igor Fleyshmakher received constitutionally ineffective assistance of counsel

No Other Promises

This agreement constitutes the plea agreement between Igor Fleyshmakher and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

Craig Carpenito
United States Attorney

By: Joshua L. Haber
Assistant U.S. Attorney

APPROVED:

David M. Eskew
Chief, Health Care & Government Fraud Unit

I have received this letter from my attorney, Eric Creizman, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, restitution, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____           Date: January 24, 2020
Igor Fleyshmakher

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, restitution, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____           Date: January 24, 2020
Eric Creizman, Esq.

<u>Plea Agreement with Igor Fleyshmakher</u>

Schedule A

1. This Office and Igor Fleyshmakher stipulate to the following facts:

    a. For Count One, the improper benefit involved in the offense exceeded $3,500,000 but did not exceed $9,500,000.

    b. For Count Two, the tax loss for the calendar years 2012, 2013, and 2014, including all relevant conduct under U.S.S.G. § 1B1.2(c), is $5,819,237.00.

    c. For Count Two, the offense involved sophisticated means under U.S.S.G. § 2T1.1(b)(2).

2. If the sentencing court accepts the factual stipulation set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.